## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **WHITNEY BLAKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action Number |
| **v.** | ) | **4:20-cv-00983-AKK** |
| | ) | |
| **KILOLO KIJAKAZI, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Whitney Blake brings this action under 42 U.S.C. § 405(g) of the Social Security Act (the Act) seeking review of the final adverse decision of the Commissioner of the Social Security Administration. Doc. 1. The court finds that the Administrative Law Judge applied the correct legal standard and that his decision, which has become that of the Commissioner, is supported by substantial evidence. The court therefore **AFFIRMS** the decision denying benefits.

## I.

Whitney Blake applied for Supplemental Security Income on January 23, 2018, alleging migraines; fibromyalgia; cervical degenerative disease; depression; and bipolar, anxiety, and obsessive disorders. Doc. 14 at 1–2; R. 17. Blake previously worked as a U.S. Census Bureau enumerator, a cashier at a fast-food

restaurant, and an EMT, but she alleged that her migraines affected her ability to work and thus rendered her employment history spotty.  R. 214–21.  After her SSI claim was denied on March 19, 2018, at Blake's request, a video hearing with Blake, her attorney, an ALJ, and a vocational expert was held on October 2, 2019.  *See id.* Thereafter, the ALJ entered a decision finding that Blake was not disabled.  R. 14. The SSA Appeals Council denied Blake's request for review, rendering the ALJ's decision the final decision of the Commissioner.  R. 3.  Blake subsequently filed this petition for review pursuant to 42 U.S.C. § 405(g).  Doc. 1.

## II.

This court's review is limited to determining whether the record contains substantial evidence to sustain the ALJ's decision and whether the ALJ applied the correct legal standards.  *See* 42 U.S.C. § 405(g); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Under 42 U.S.C. §§ 405(g) and 1383(c), the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'"  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for the Commissioner's.  *Id.* Rather, the court must review the final decision in its entirety to determine whether it is "'reasonable and supported by substantial evidence.'"  *Id.* (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

2

Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Bloodsworth*, 703 F.2d at 1239). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Rather, substantial evidence falls somewhere between a "scintilla" and a "preponderance of evidence." *Martin*, 894 F.2d at 1529. If substantial evidence supports the Commissioner's factual findings, then the court must affirm, even if the evidence preponderates against those findings. *See id.* However, this "does not yield automatic affirmance" despite the limited scope of judicial review, *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988), and reviewing courts are not to act as mere "automatons[,]" *Bloodsworth*, 703 F.2d at 1239 (internal quotations omitted). By contrast, courts review conclusions of law de novo. *Martin*, 894 F.2d at 1529.

## III.

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 416(i)(1). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological

abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Determination of disability under the Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). Specifically, the ALJ must determine, in the following order:

(1) whether the claimant is currently unemployed;
(2) whether the claimant has a severe impairment;
(3) whether the impairment meets or equals one listed by the Commissioner;
(4) whether the claimant is unable to perform his or her past work; and
(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* (citing 20 C.F.R. § 416.920(a)-(f)). "Once [a] finding is made that a claimant cannot return to prior work[,] the burden of proof shifts to the [Commissioner] to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

When a claimant seeks to establish a disability through her own testimony concerning "pain or other subjective symptoms," courts in the Eleventh Circuit apply a three-part test that requires "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected

to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so," and "[f]ailure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (citing *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987); *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1998)). The ALJ need not expressly cite or refer to this three-part test, but the ALJ's findings and discussion must "indicate that the standard was applied." *See id.*

Finally, if the record shows the claimant has a "medically determinable impairment that could reasonably be expected to produce her symptoms," the ALJ must assess the "intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work." *Costigan v. Comm'r of Soc. Sec.*, 603 F. App'x 783, 786 (11th Cir. 2015) (citing 20 C.F.R. § 404.1529(c)(1)). The ALJ must consider "all of the record, including the objective medical evidence, the claimant's history, and statements of the claimant and her doctors," and the ALJ may consider factors like the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; the type, dosage, effectiveness, and side effects of the claimant's medication; and treatments other than medication. *Id.* Last, the ALJ must examine the claimant's testimony about her symptoms in

5

relation to all of the other evidence, considering whether there are any "inconsistencies or conflicts between those statements and the record." *Id.*

## IV.

In this case, the ALJ determined at Step One that Blake "ha[d] not engaged in substantial gainful activity since January 23, 2018," the date she applied for benefits. R. 19.  At Step Two, the ALJ found that Blake had the following severe impairments: "migraines, fibromyalgia, cervical degenerative disc disease, depression, bipolar, anxiety and obsessive disorder." *Id.*  Further, the ALJ found that these impairments "significantly limit[ed] [Blake's] ability to perform basic work activities." *Id.*  The ALJ determined that Blake's obesity, back pain, essential hypertension, GERD, allergic rhinitis, hypothyroidism, hyperlipidemia, status post right elbow reconstruction, status post right wrist surgery, bladder sling, tobacco addiction, IBS, chronic fatigue, and leukocytosis constituted "non-severe" impairments. *Id.*  At Step Three, the ALJ concluded that Blake did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id.* (internal citations omitted).

The ALJ thus concluded that Blake would "do best in a well-spaced work setting with her own area." R. 21.  The ALJ also stated that Blake

> must not be required to work at fast-paced production line speeds; she should have only occasional, gradually-introduced workplace changes; she must have normal, regular work breaks at least every two hours; she should have only occasional, non-intensive contact with the general

6

public; and she will miss about one day per month due to migraines or
psychological symptoms.

*Id.*  The ALJ then found he was required to determine whether an "underlying
medically determinable physical or mental impairment(s)" could "reasonably be
expected to produce [Blake's] pain or other symptoms," and then evaluate "the
intensity, persistence, and limiting effects of [Blake's] symptoms to determine the
extent to which they limit [her] functional limitations."  R. 21–22.  The ALJ found
that Blake's impairments could reasonably be expected to cause the symptoms she
alleged, but that the "intensity, persistence, and limiting effects of these symptoms
[were] not entirely consistent with the medical evidence and other evidence in the
record."  R. 22.  In reaching this determination, the ALJ referenced Blake's visits to
Gadsden Regional Medical Center and Quality of Life Health Services during the
period of October 5, 2015, to September 7, 2019, R. 22–24, and found "partially
persuasive" the State Agency physician's opinion that Blake could perform
"medium work" and follow "short simple instructions," R. 25.[1]

The ALJ concluded that Blake had "a greater sustained capacity" than she
alleged, and that she "retain[ed] the capacity to perform work activities with the
work limitations" set out in his decision.  R. 25.  Finding that Blake had no past
relevant work, the ALJ proceeded to review Blake's age, education, work

---

[1] The court analyzes the ALJ's application of this pain standard in greater detail later in
section V.A.

experience, and residual function capacity (RFC) in conjunction with the Medical-Vocational Guidelines and determined, at Step Five, that there were jobs "in significant numbers in the national economy" that Blake could perform.  R. 26. Specifically, the vocational expert testified that Blake would be able to perform occupations like "linen room attendant" (approximately 30,000 jobs available) and "small product assembler" (approximately 70,000 jobs available).  *Id.*  Taken together, the ALJ deemed Blake "not disabled" under the Act since January 23, 2018, when she filed her application.  R. 27.

## V.

Blake asserts that the ALJ erred when he (1) "improperly applied the Eleventh Circuit pain standard and failed to accept [Blake's] testimony of pain," and (2) "failed to conduct a proper analysis of [Blake's] fibromyalgia under SSR 12-2p." Doc. 14 at 1.  The court finds these contentions unavailing.  This opinion addresses each contention in turn.

## A.

Blake argues first that the ALJ improperly applied the pain standard and failed to accept Blake's testimony of pain.  *Id.*  In particular, Blake maintains that the ALJ "never determined whether [her] medical condition could reasonably be expected to give rise to the claimed pain, as required by the Eleventh Circuit pain standard."  *Id.*

As an initial matter, and as all parties agree, a claimant must provide "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain" to establish a disability based on testimony of pain and other symptoms. *Wilson*, 284 F.3d at 1225; *see* docs. 14 at 14, 15 at 6.  And Blake is correct that an ALJ must articulate explicit and adequate reasons for discrediting a claimant's subjective pain testimony.  *See* doc. 14 at 16; *Quick v. Comm'r of Soc. Sec.*, 403 F. App'x 381, 383 (11th Cir. 2010).  However, the ALJ did address this test in his decision before describing his reasons for finding that "[Blake's] statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record."  R. 22.

1.

First, the ALJ directly applied the Eleventh Circuit's framework for finding a disability through a claimant's testimony about her pain symptoms.  As the ALJ stated:

> In considering the claimant's symptoms, I must follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s)— i.e., an impairment(s) that can be shown by medically acceptable clinical or laboratory diagnostic techniques—that could reasonably be expected to produce the claimant's pain or other symptoms.  Second,

> once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, I must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functional limitations. For this purpose, whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, I must consider other evidence in the record to determine if the claimant's symptoms limit the ability to do work-related activities.

R. 21–22.  The ALJ proceeded to discuss Blake's serious impairments, including her migraines and fibromyalgia, that have led to her pain and sleep problems.  R. 22. The ALJ noted that Blake's illnesses have "affected her abilities with lifting, standing, walking, talking, stair climbing, seeing, memory, concentration, understanding and following instructions," and that Blake testified as to her severe migraines and migraine medications at the hearing.  *Id.*  Evaluating this evidence, the ALJ found that Blake's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," demonstrating that the ALJ applied the Eleventh Circuit framework for pain symptoms.  *Id.*  The ALJ therefore used the correct legal standard.

## 2.

Blake also maintains that the ALJ "failed to accept [her] testimony of pain." Doc. 14 at 1.  It is true that the ALJ must provide sufficient and specific reasons for discrediting a claimant's subjective testimony about her pain symptoms.  *See Quick*, 403 F. App'x at 383.  In so doing, an ALJ must compare the claimant's statements

to all other evidence and consider "whether there are any inconsistencies or conflicts between those statements and the record." *Costigan*, 603 F. App'x at 787. However, that is what the ALJ did here.

After determining Blake's impairments could reasonably be expected to cause her symptoms, the ALJ walked through Blake's visits to Gadsden Regional Medical Center and Quality of Life Health Services beginning in October 2015, before Blake's onset date. *See* R. 22–23.[2] The ALJ noted that after January 23, 2018, Blake's onset date, Blake "only complained about migraines during four medical visits," "did not keep a log of headaches/migraines," and "had not asked to be referred to a specialist." R. 23. Regarding Blake's fibromyalgia, the ALJ similarly stated that "since her amended onset date, [Blake] had complained of fibromyalgia pain on only three occasions" and "presented several other times during this period with either no complaints of joint pain or a completely normal examination." *Id.*

The ALJ also considered this evidence in light of Blake's own testimony at the hearing. *See* R. 22. Finally, the ALJ discussed the review of Blake's records by a state physician, whom the ALJ deemed "partially persuasive," and a state psychologist, whose opinion the ALJ deemed "to be overall consistent with and

---

[2] For example, regarding one 2015 visit, the ALJ stated: "[T]he claimant presented to Gadsden Regional Medical Center with complaints of chronic migraines. She had not seen a neurologist in the past several years. She had a medical history of hypercholesteroiemia [sic], severe migraines, anxiety, depression, hypertension, asthma and GERD. She was taking Flexeril, Nexium, Atenolol, Topamax and Cymbalta. Her examination was within normal limits (Ex B4F)." R. 22.

11

supported by the medical evidence." R. 25. Therefore, contrary to Blake's argument, the ALJ considered Blake's statements regarding her pain in light of the record of her past medical visits in accord with the proper legal standard.

3.

Moreover, Blake appears to argue that, by discounting Blake's testimony, the ALJ's decision was not supported by substantial evidence.[3] At issue here is the ALJ's finding that the evidence of Blake's "daily activities along with the objective medical evidence discussed . . . establishe[d] the claimant has a greater sustained capacity than she allege[d]." R. 25. Based on this finding, he therefore concluded that Blake's "subjective complaints and alleged limitations [were] not fully persuasive and that [Blake] retain[ed] the capacity to perform work activities with the limitations as set forth above." *Id.* In particular, the ALJ stated:

> After January 23, 2018, the claimant's amended onset date, she only complained about migraines during four medical visits, (October 22, 2018, February 28, 2019, July 24, 2019 and July 16, 2019). She did not keep a log of headaches/migraines. She had not asked to be referred to a specialist. She had not had frequent change of medications (Ex B9F, B15F and B16F).

R. 23. While Blake is free to disagree with the ALJ, the court notes, however, that "credibility determinations are the province of the ALJ." *Mitchell v. Comm'r, Soc.*

---

[3] As Blake puts it, "if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary . . . has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence." Doc. 14 at 16.

*Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citations omitted). Courts should "not disturb a clearly articulated credibility finding supported by substantial evidence," *id.*, even where the evidence preponderates against the Commissioner's finding, *Martin*, 894 F.2d at 1529. Upon careful review of the record, the court finds that the ALJ's conclusions are supported by substantial evidence.

The record shows that after the onset period began in January 2018, Blake visited Quality of Life Health Services to address chronic conditions that included fibromyalgia and migraines. R. 419. Specifically, records from March 2018, April 2018, October 2018, February 2019, and March 2019 report visits to address migraines or headaches and fibromyalgia. Ex. B9F; R. 419–36, 445, 454. Records from appointments in July 2018, June 2019, and July 2019 also report migraines or chronic headaches, but not fibromyalgia. Ex. B9F, B12F. B15F, B16F; R. 437, 517–22, 546, 557. This evidence does illustrate the pain to which Blake testified.

However, there is also substantial evidence to support the ALJ's findings. Though the record suggests Blake experienced these migraines with more frequency than the ALJ noted—*i.e.*, during more than four appointments—the ALJ did not ignore Blake's migraines.[4] Rather, the ALJ marched through descriptions of Blake's

---

[4] For example, the ALJ noted certain migraine episodes recorded in Blake's medical visits. R. 24. The ALJ also stated: "Although I find no evidence supporting her claim that she has frequent daily/weekly migraines, I have given her the benefit of the doubt about needing to avoid fluorescent lights and computer screens and, possibly, needing time off each month (not more than 1 day)." R. 25.

migraine-related care and her mental-health visits, prescriptions, and pain-related exams. R. 23–24. The ALJ considered Blake's testimony about her possible limitations at the hearing, where she noted, for example, that fluorescent lighting and computer screens triggered her migraines and that she would need to switch between sitting and standing in a work setting. R. 56–57. And the ALJ considered Blake's daily activities and abilities, including that she had trouble sleeping and occasionally needed reminders to take her medications but also could do some housekeeping, drive, and pay bills and manage funds. R. 22 (citing Ex. B5E; R. 206–13).

As such, the ALJ did not fully discredit Blake's testimony and instead determined, with limits, that Blake could perform work beyond what she alleged. R. 24. Because this court's function is to determine whether the record contains substantial evidence to support the ALJ's decision, not to reweigh evidence or substitute its judgment for the ALJ's, *Martin*, 894 F.2d at 1529, the court finds that the ALJ's credibility determinations are supported by substantial evidence.

## B.

Finally, Blake argues that the ALJ "failed to conduct a proper analysis of [Blake's] fibromyalgia under SSR 12-2p." Doc. 14 at 1. Blake's contention appears to be similar to Blake's argument related to her other symptoms: that the ALJ failed to implement the proper legal standard and/or lacked substantial evidence. *See id.* at 17–18. However, for the reasons set out above, *supra* § V.A.1, the ALJ applied

the proper Eleventh Circuit framework for evaluating Blake's pain symptoms and rendered a decision with the support of substantial evidence.  It was likewise within the province of the ALJ to weigh the entirety of the record, including Blake's medical history and appointments, to determine that Blake's "subjective complaints and alleged limitations [were] not fully persuasive" and that she could therefore work at a higher capacity than alleged.  R. 25.[5]  Thus, this court finds Blake's argument about the ALJ's analysis of her fibromyalgia similarly unavailing.

## VI.

Based on the foregoing, the court concludes that the ALJ's determination that Blake is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching his decision.  Therefore, the Commissioner's final decision is **AFFIRMED**.  A separate order in accordance with the memorandum of decision will be entered.

**DONE** the 25th day of August, 2021.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[5] For example, noting some of Blake's medical visits for fibromyalgia, the ALJ also acknowledged that Blake "presented several other times during this period with either no complaints of joint pain or a completely normal examination."  R. 23.

15